UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MELISSA TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-cv-00976-MTS |
| | ) | |
| WAL-MART STORES EAST I, LP, | ) | |
| *doing business as*, WAL-MART #65, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. The Court finds that Defendant has failed to establish this Court's subject matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014) (noting "party seeking removal has the burden to establish federal subject matter jurisdiction"). Defendant removed this action from the Circuit Court of Franklin County, Missouri claiming that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Doc. [1] ¶ 6; *see also* 28 U.S.C. § 1441(a) (allowing removal of any civil action over which the district courts of the United States have original jurisdiction). Though Defendant gives no subsection, it appears to be advancing diversity jurisdiction under § 1332(a)(1).

In order for this Court to have diversity jurisdiction over this case under § 1332(a)(1), besides the amount in controversy needing to exceed $75,000, Plaintiff must be completely diverse from Defendant in such a way that Plaintiff is not a citizen of any state of which Defendant is a citizen. *Wilkerson v. Mo. Dep't of Mental Health*, 279 F. Supp. 2d 1079, 1080

(E.D. Mo. 2003).  Defendant, though, did not establish its own citizenship.  For diversity purposes, the citizenship of a limited partnership is the citizenship of each of its partners, both general and limited.  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990); *Jet Midwest Int'l Co. v. Jet Midwest Grp.*, 932 F.3d 1102, 1104 (8th Cir. 2019); *Alper v. Marsh, USA, Inc.*, 4:18-cv-378-CDP, 2018 WL 1726627, at *2 (E.D. Mo. Apr. 10, 2018); *see also Johnson v. Walmart Inc.*, 4:22-cv-00757-AGF, 2022 WL 2867074, at *1 (E.D. Mo. July 21, 2022) ("A limited partnership like Wal-Mart Stores East, LP is a citizen of every state of which each of its partners, both general and limited, is a citizen.").

To be sure, Defendant alleged that the "members of the limited partnership are citizens of the State of Arkansas."  Doc. [1] ¶ 4.  But that bare legal conclusion does not suffice.  *See Villareal v. B&C Contracting Specialist Inc.*, 4:19-cv-2851-RLW, 2020 WL 2088341, at *3 (E.D. Mo. Apr. 30, 2020) ("To establish complete diversity of citizenship, a complaint must include *factual allegations* of each party's state of citizenship[.]" (emphasis added)); *McMahon v. Robert Bosch Tool Corp.*, 4:18-cv-505-CAS, 2018 WL 1744539, at *2 (E.D. Mo. Apr. 11, 2018) (finding allegation that LLC-party was "a citizen of North Carolina" was "not a factual allegation sufficient to establish [the LLC] defendant's citizenship"); *Mullins v. Testamerica Inc.*, 300 Fed. App'x 259, 260 (5th Cir. 2008) (per curiam) (finding allegation that removing defendant's limited partnership believed that all of its limited partners' members, partners, or trustees were of diverse citizenship from plaintiffs, without factual specificity, was not sufficient to establish diversity jurisdiction); *cf. Stalley v. Cath. Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007) (noting that, in reviewing a motion to dismiss for lack of jurisdiction, a court accepts as true "all factual allegations" but gives "no effect to conclusory allegations of law" to determine whether the pleader has established the court's subject matter jurisdiction).

The Notice of Removal also is defective for at least one other reason.  Defendant was required to establish that the parties were diverse "both when the plaintiff initiate[d] the action in state court and when the defendant file[d] the notice of removal in federal court."  *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *accord Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced").  Defendant provided no allegations regarding this requirement, which is indispensable to the Court's subject matter jurisdiction in this case.

If Defendant can establish this Court's subject matter jurisdiction, Defendant must file an Amended Notice of Removal to correct the jurisdictional defects the Court has identified herein.  *See City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013) (discussing the parameters of amending a notice of removal).  Failure to do so will result in remand.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant shall file an Amended Notice of Removal no later than **Wednesday, October 05, 2022**.

Dated this 29th day of September, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE