# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| MELISSA TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-cv-00976-MTS |
| | ) | |
| WAL-MART STORES EAST I, LP, | ) | |
| *doing business as*, WAL-MART #65, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is again before the Court on review of the file.  The Court finds that Defendant's Amended Notice of Removal, Doc. [10], and Second Amended Notice of Removal, Doc. [11], have failed to establish this Court's subject matter jurisdiction.  Like the Court noted with the original Notice of Removal, neither of the amended Notices establish, in any way, the Plaintiff's citizenship at the time Plaintiff filed this suit in Missouri state court.  Defendant can remove this case properly *only* if the parties were completely diverse "both when the plaintiff initiate[d] the action in state court and when the defendant file[d] the notice of removal in federal court."  *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *accord Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011).  That complete diversity must have existed at the time a plaintiff filed its case in order for the case to be removable is not a new requirement.  *See, e.g.*, *Jackson v. Allen*, 132 U.S. 27, 34 (1889) (reversing the judgement of the federal court below "with directions to remand to the state court" because "the citizenship of the parties at the commencement of the actions, as well as at the time the petitions for removal were filed, was not sufficiently shown").

Like the original Notice of Removal, the amended Notices provide no allegations regarding Plaintiff's citizenship at the time Plaintiff filed the case.  And even *if* the Court may look beyond the Notices and examine Plaintiff's Petition in an attempt to determine, on its own accord, whether diversity existed at the time Plaintiff filed her suit, nowhere did Plaintiff allege her citizenship therein.  Doc. [6].  It falls squarely to Defendant to establish it.  *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014) (noting "party seeking removal has the burden to establish federal subject matter jurisdiction"); *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced").

If Defendant can establish this Court's subject matter jurisdiction, Defendant must file an Amended Notice of Removal that, in all respects, properly establishes the Court's jurisdiction. *See City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013) (discussing the parameters of amending a notice of removal).  Failure to do so will result in remand.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant shall file an Amended Notice of Removal no later than **Wednesday, October 19, 2022**.

Dated this 5th day of October, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE